IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| infoUSA, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CV214 |
| | ) | |
| v. | ) | |
| | ) | |
| BOB DALLAS, A ROAD TO SUCCESS, | ) | MEMORANDUM AND ORDER |
| INC., and AYEMEN MOHAMED, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| EMPIRE TOWERS, INC., | ) | |
| | ) | |
| Intervenor. | ) | |

This matter is before the court on plaintiff infoUSA's motion to strike and to dismiss, Filing No. 62; defendant Mohamed's motion for a change of venue and to dismiss, Filing No. 68; and a motion by defendant A Road to Success, Inc.'s (hereinafter, "RTS") to set aside the clerk's entry of default, Filing No. 73.

## I. BACKGROUND

This is an action for fraudulent inducement/misrepresentation, negligent misrepresentation, deceptive trade practices, legal rescission and breach of warranty, in connection with an agreement to purchase an e-mail database. *See* Filing No. 1. The action was removed from Douglas County, Nebraska, District Court. *Id.* This court denied defendant Dallas's motion to dismiss for failure to state a claim and for improper venue. *See* Filing No. 17. The court found that venue is proper in this district under 28 U.S.C. § 1406(a). *Id.* Defendant Dallas subsequently answered, denying infoUSA's allegations and has counterclaimed for breach of contract against infoUSA. Filing No. 19.

Empire Towers, Inc. ("Empire") has intervened, claiming it is the owner of the data files at issue and that it contracted with infoUSA to complete the transaction and to remedy problems in the database. *See* Filing No. 51, Empire's Answer and Counterclaim at 10. Empire has intervened as a defendant, since its interests are closely aligned with those of defendant Dallas. *See* Filing No. 45, Order at 5. Empire asserts claims of breach of contract, conversion, trespass to chattels, and misappropriation against infoUSA, and claims of breach of contract, fraud, and conversion of computer equipment against defendants Mohamed and RTS. *See* Filing No. 51, Intervenor's Answer and Counterclaim at 10-18.

Procedurally, the clerk of court entered default pursuant to Fed. R. Civ. P. 55(a) against Mohamed and RTS on infoUSA's claims, and against defendant RTS on Empire's claims. *See* Filing Nos. 10 and 61. InfoUSA's motion for judgment on that default was denied without prejudice to reassertion because it was not clear to the court that defendants were properly served. *See* Filing No. 18. Subsequent to service, and pursuant to an extension of time in which to answer, defendant Mohamed filed an answer and counterclaim, pro se. *See* Filing No. 58. Defendant RTS was given until December 17, 2004, to either enter an appearance by counsel or show cause why default should not be granted. *See* Filing No. 64. Legal counsel then appeared on behalf of RTS, as well as defendant Mohamed. Filing No. 70.

## II. DISCUSSION

In the responsive pleadings filed by counsel, defendants RTS and Mohamed seek dismissal of infoUSA's complaint. *See* Filing No. 63. The motions are based on essentially the same arguments as those raised by defendant Dallas, and rejected by this

court earlier.  *See* Filing Nos. 7 and 17.  For the reasons stated in the court's earlier order, defendants RTS's and Mohamed's motions will be denied.  See Filing No. 17.  In addition, defendant Mohamed already answered, thereby waiving any Fed. R. Civ. P. 12(b)(3) and 12(b)(6) objections.

Plaintiff infoUSA's motion to strike and/or dismiss the answer and counterclaims filed by defendant RTS and Mohamed is premised on its assertion that the pleading is untimely and incomprehensible.  The court notes that defendant Mohamed had already answered and that defendant RTS was granted leave to obtain counsel and to answer.  A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that a party can prove no set of facts that would entitle him to relief.  *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999)*.*  Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which allegations on the face of the complaint show there is some insuperable bar to relief.  *Id.*  Under the circumstances, the court finds the motion to strike and/or dismiss should be denied.

The court may set aside the entry of default on a showing of good cause.  Fed. R. Civ. P. 55(c); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir.1998) (motion to set aside clerk's entry of default is subject to even more lenient "good cause" standard than is motion to set aside default judgment entered by court; relevant considerations are culpability of defaulting party, existence of meritorious defense, and prejudice to other party).  Defendants have not shown an absence of culpability, but on the other hand, there has been no showing of any significant prejudice.  Defendants have only recently been represented by counsel and assert that they have a meritorious defense.

The court intends to adhere to the progression schedule presently in force.  Under the circumstances, that court finds that the motion to set aside the clerk's entry of default should be granted.

IT IS ORDERED:

1.  Plaintiff infoUSA's motion to strike and to dismiss, Filing No. 62, is denied.

2.  Defendant Mohamed's motion for a change of venue and to dismiss, Filing No. 68, is denied.

3.  Defendant A Road to Success, Inc.'s motion to set aside the clerk's entry of default, Filing No. 73, is granted.

DATED this 14th day of September, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE